UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| UNITED STATES OF AMERICA ex rel. CECILIA GUARDIOLA, | 3:12-cv-00295-LRH-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RENOWN HEALTH, RENOWN REGIONAL MEDICAL CENTER, and RENOWN SOUTH MEADOWS MEDICAL CENTER, | |
| Defendants. | |

Before the court is Plaintiff Cecilia Guardiola's motion for a share of the alternate remedy recovered by the United States. ECF No. 179.[1] The United States has not responded. It has instead moved for leave to file an *Amicus Curiae* brief in opposition to Guardiola's motion. ECF No. 184. Guardiola filed a response (ECF No. 185), to which the United States replied (ECF No. 186). Guardiola has also moved to seal the exhibits (ECF No. 181) to her declaration, which she filed with her motion for a share of the alternate remedy. ECF No. 178.

Also before the court is a stipulation filed by the parties dismissing Renown Health, Renown Regional Medical Center, and Renown South Meadows Medical Center (collectively "Renown") from this action with prejudice. ECF No. 182.

///

///

---

[1] This citation refers to the court's docket number.

### I. Factual and procedural background

This case is a False Claims Act ("FCA") suit brought by Guardiola in the name of the United States against Renown. *See* 31 U.S.C. § 3730. "The FCA establishes a scheme that permits either the Attorney General, § 3730(a), or a private party, § 3730(b), to initiate a civil action alleging fraud on the Government." *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 932 (2009). If a private party files suit, the Government may choose to intervene and litigate the case. 31 U.S.C. § 3730(b)(2), (c). "If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." *Id*. § 3730(c)(3). "A private enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the 'relator.'" *Eisenstein*, 556 U.S. at 932. The relator is entitled to a percentage of the eventual judgment or settlement, as well as attorney's fees and costs. 31 U.S.C. § 3730(d).

Here, Renown allegedly "defraud[ed] government-funded health insurance programs" through improper billing. ECF No. 107 at 1–2. Guardiola brought suit against Renown under the FCA. The United States declined to intervene, and Guardiola continued to pursue the claim on its behalf. ECF No. 184 at 2. After several years of litigation, the parties reached a settlement agreement. ECF No. 182. Pursuant to its terms, the parties filed the instant stipulation, which seeks to dismiss Renown from this action with prejudice. *Id*. at 2. It is undisputed that Guardiola is entitled to a percentage of these settlement funds.

However, Guardiola alleges that the United States, although declining to intervene in this action, decided to pursue the same claim against Renown through a process called a Recovery Audit Contractor ("RAC"). ECF No. 179 at 3–4. She further alleges that the United States recovered "millions of dollars from Renown for claims identical to those that" she was pursuing through this suit. *Id*. As a result, neither the suit settlement nor Guardiola's percentage-based personal award as relator included these RAC-recovered funds.

She argues that she is also entitled to her relator's percentage of these funds because the RAC constituted an "alternate remedy" under the FCA. ECF No. 179 at 4. The act allows the United States to "pursue its claim through any alternate remedy available" to it, "including any

2

administrative proceeding to determine a civil money penalty." 31 U.S.C. § 3730(c)(5). But "[i]f any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under" a *qui tam* suit. *Id*.

Instead of filing a response to Guardiola's motion, the United States moved to file an opposition in the form of an *Amicus* brief. ECF No. 184. The United States has appended its proposed brief to its motion, which argues that Guardiola's motion is barred by sovereign immunity. ECF No. 184-1. Guardiola argues that the use of an *Amicus* brief to oppose her motion is procedurally improper and that the United States must instead file a response.

**II.   Analysis**

    **A.   Motion for a share of the alternate remedy**

Guardiola requests that the court order the United States to provide her a 29 percent share of the funds it recovered from Renown through the RAC process or, alternatively, an accounting from the United States of these funds. ECF No. 170 at 6. Although the United States opposes the motion on the basis of sovereign immunity, neither it nor Guardiola squarely address a threshold issue in this dispute: whether the court can grant Guardiola relief against the United States if it is not a party in this action.

The United States and Guardiola do address whether the United States is a party in a *qui tam* action in arguing whether the United States may file an *Amicus* brief instead of a response. The U.S. Supreme Court has clarified that "the United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party.'" *Eisenstein*, 556 U.S. at 934. Guardiola counters that the Court in *Eisenstein* also acknowledged that, while the United States is not a party for certain purposes, it may be a party for other purposes. ECF No. 185 at 3. However, the Court's distinction was premised on the narrow principle that the United States does not need to "intervene before it can appeal any order of the [district] court in an FCA action." *Eisenstein* 556 U.S. at 931 n.2. The Court specified that, [i]n such a case, the Government is a party for purposes of appealing the specific order at issue even though it is not a party for purposes of the final judgment and Federal Rule of Appellate Procedure 4(a)(1)(B)." *Id*.

1  Here, the United States is the real party in interest in Guardiola's *qui tam* action but is not a party
2  in this case.
3  In her motion for a share of the alternate remedy, Guardiola has failed to identify any
4  basis that would allow the court to enter an order against the United States as a non-party. "In
5  general, a court may not enter orders against nonparties. 'It is a principle of general application
6  in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation
7  in which he is not designated as a party or to which he has not been made a party by service of
8  process.'" *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 890 n.7 (7th Cir. 2013) (quoting
9  *Taylor v. Sturgell*, 553 U.S. 880 (2008)); *see also Haizlip v. Alston*, No. 1:14CV770, 2015 WL
10 8668230, at *1 (M.D.N.C. Dec. 11, 2015) (compiling cases addressing this issue). "The only
11 significant exception to this rule involves nonparties who have actual notice of an injunction and
12 are guilty of aiding or abetting or acting in concert with a named defendant or the defendant's
13 privy in violating the injunction." 11A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice</u>
14 <u>and Procedure</u> § 2956 (3d ed.).

15 Because the United States is not a party in this action, the court may not enter an order
16 against it.[2] Accordingly, the court will deny Guardiola's motion for a share of the alternate
17 remedy. The court will therefore deny the United States' motion for leave to file an *Amicus* brief
18 as moot.

19 **B.  Motion to seal**

20 Guardiola has also moved to seal the exhibits she attached to the declaration included
21 with her motion for a share of the alternate remedy, pursuant to this case's Qualified Protective
22 Order Governing the Use of Protected Health Information and Confidential Business Information
23 (ECF No. 60). The court has reviewed these exhibits and finds that they fall within the order's
24 parameters. Her motion to seal will therefore be granted.
25 ///
26

---

[2] As addressed in the proposed *Amicus* brief, the court may also lack subject-matter jurisdiction over Guardiola's claim against the United States due to sovereign immunity. Because this question is not properly before the court, it need not be reached.

### C. Stipulation to dismiss all defendants

Pursuant to their settlement agreement, the parties have submitted a stipulation dismissing all defendants from this action with prejudice. ECF No. 182. The court will grant this stipulation.

## III. Conclusion

IT IS THEREFORE ORDERED that Guardiola's motion for a share of the alternate remedy (ECF No. 179) is DENIED for lack of jurisdiction.

IT IS FURTHER ORDERED that the United States' motion for leave to file an *Amicus Curiae* brief (ECF No. 184) is DENIED as moot.

IT IS FURTHER ORDERED that Guardiola's motion to seal the exhibits to her declaration (ECF No. 178) is GRANTED.

IT IS FURTHER ORDERED that the parties' stipulation to dismiss all defendants from this action with prejudice (ECF No. 182) is GRANTED.

IT IS FURTHER ORDERED that defendants Renown Health, Renown Regional Medical Center, and Renown South Meadows Medical Center are DISMISSED from this action with prejudice.

IT IS SO ORDERED.

DATED this 14th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE