UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CECILIA GUARDIOLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RENOWN HEALTH, RENOWN REGIONAL MEDICAL CENTER, and RENOWN SOUTH MEADOWS MEDICAL CENTER,<br><br>　　　　Defendants. | 3:12-cv-00295-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Cecilia Guardiola's motion for leave to file a third amended complaint. ECF No. 191.[1] The United States has not responded. It has instead moved for leave to file an *amicus curiae* brief in opposition to Guardiola's motion. ECF No. 192. Guardiola filed a response (ECF No. 193), to which the United States replied (ECF No. 194). Guardiola also filed a reply in support of her motion for leave to amend (ECF No. 195), and the United States moved for leave to file a supplemental brief (ECF No. 196).

As discussed below, the court finds that sovereign immunity would bar Guardiola's claim against the United States. Because granting her leave to amend her complaint would therefore be futile, the court will deny Guardiola's motion.

///

///

---

[1] This citation refers to the court's docket number.

I.  **Background**

This case originated as a False Claims Act ("FCA") suit brought by Guardiola in the name of the United States against Renown Health, Renown Regional Medical Center, and Renown South Meadows Medical Center (collectively "Renown"). *See* 31 U.S.C. § 3730. "The FCA establishes a scheme that permits either the Attorney General, § 3730(a), or a private party, § 3730(b), to initiate a civil action alleging fraud on the Government." *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 932 (2009). If a private party files suit, the Government may choose to intervene and litigate the case. 31 U.S.C. § 3730(b)(2), (c).

"If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action." *Id.* § 3730(c)(3). "A private enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the 'relator.'" *Eisenstein*, 556 U.S. at 932. The relator is entitled to a percentage of the eventual judgment or settlement, as well as attorney's fees and costs. 31 U.S.C. § 3730(d).

Here, Renown allegedly "defraud[ed] government-funded health insurance programs" through improper billing. ECF No. 107 at 1–2. Guardiola brought suit against Renown under the FCA. The United States declined to intervene, and Guardiola continued to pursue the claim on its behalf. The parties eventually reached a settlement agreement and filed a joint stipulation of dismissal (ECF No. 182), which the court granted (ECF No. 190). It is undisputed that Guardiola, as the relator in the *qui tam* action, is entitled to a share of the United States' settlement recovery.

However, Guardiola alleges that the United States, although declining to intervene in this action, decided to pursue the same claim against Renown through a process called a Recovery Audit Contractor ("RAC"). ECF No. 179 at 3–4. She further alleges that the United States recovered "millions of dollars from Renown for claims identical to those that" she was pursuing through this suit. *Id*. As a result, neither the suit settlement nor Guardiola's percentage-based personal award as relator included these RAC-recovered funds.

She argues that she is also entitled to her relator's percentage of these funds because the RAC constituted an "alternate remedy" under the FCA. ECF No. 191. The act allows the United

2

States to "pursue its claim through any alternate remedy available" to it, "including any administrative proceeding to determine a civil money penalty." 31 U.S.C. § 3730(c)(5). But "[i]f any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under" a *qui tam* suit. *Id*.

The United States did not directly respond to this argument. It instead moved to appear as *amicus curiae*, arguing that it is not a party in *qui tam* actions. The United States also attached a proposed brief to its motion, opposing Guardiola's motion on the basis of sovereign immunity.

The court did not reach the question of whether the United States' proposed appearance as *amicus curiae* was proper or whether sovereign immunity barred Guardiola's claim. Instead, the court ruled that, because the United States is a non-party in this suit, the court lacked jurisdiction over it. ECF No. 190. Guardiola's motion was therefore denied.

Guardiola now moves for leave to file a third amended complaint in order to add the United States as a party and assert a claim against it for a share of the alternate remedy. ECF No. 191. The United States once again moves to appear as *amicus curiae* in order to argue that sovereign immunity bars Guardiola's claim.

**II.   Legal standard**

Guardiola acknowledges that the court's deadline for amending pleadings has passed and that her motion must therefore satisfy the "good cause" standard under FRCP 16 rather than "the liberal amendment procedures afforded by Rule 15 . . . ." *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 952 (9th Cir. 2006). If a moving party establishes good cause, the court must then consider whether amendment is proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). FRCP 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." The Ninth Circuit frequently considers five factors in determining the propriety of a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended her complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).

### III. Discussion

The United States argues in its proposed *amicus curiae* brief that granting leave to amend would be futile in this instance because sovereign immunity would bar any claim that Guardiola seeks to bring against the United States in her proposed amended complaint. ECF No. 192-1 at 3. While Guardiola does brief this sovereign-immunity argument, she first argues that the United States, as a non-party, lacks standing to oppose her motion to amend. She further opposes the United States' attempt to overcome this hurdle by requesting leave to appear as *amicus curiae*. The court will first address these threshold issues before turning to Guardiola's motion to amend.

#### A. Standing and status as *amicus curiae*

The court finds that it would be improper for the United States to appear as *amicus curiae* in this matter. "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Miller–Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)). Here, the United States is the respondent to a motion that seeks to add it to this suit as an opposing party. It is therefore not acting as *amicus curiae*.

Nonetheless, the court will address, for the sake of efficiency, whether sovereign immunity would bar Guardiola's claim against the United States. Futility of amendment is an important factor that courts consider in motions for leave to amend, and Guardiola and the United States have fully briefed the issue.

Finally, the court notes that its decision to consider the United States' opposition to Guardiola's motion—rather than granting leave to appear as *amicus curiae*—does not affect whether the court has jurisdiction over the United States. *See S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("[W]here a party has filed a timely and unambiguous objection to the court's jurisdiction, [the Ninth Circuit has] concluded that the party has not consented to jurisdiction.").

### B. Additional briefing from Guardiola and the United States

Before addressing sovereign immunity, the court notes that Guardiola's reply in support of her motion for leave to file an amended complaint (ECF No. 195) merely addresses the immunity arguments raised in the United States' opposition to her motion (ECF No. 192) that are subsequently addressed in her response (ECF No. 193) and the United States' reply (ECF No. 194). This latest reply is therefore a surreply, which under Local Rule 7-2 is not permitted without the court's leave. However, due to the unique procedural issues underlying Guardiola's motion, the court will consider this additional reply. The court will therefore also grant the United States' motion for leave to file its own supplemental brief (ECF No. 196), which it has attached to its motion.

### C. The FCA does not waive the United States' sovereign immunity

"It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required because the existence of such consent is a prerequisite for jurisdiction." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) (brackets and ellipses omitted) (quoting *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)). Specifically, "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Guardiola argues that the FCA waives sovereign immunity because it grants relators a share of the United States' direct recovery against a defendant through a judgment or settlement, as well as the same right to a share of any recovery through an "alternate remedy." ECF No. 193 at 5; 31 U.S.C. § 3730(c)(3), (5). In other words, she argues that if the FCA does not waive sovereign immunity, the statute grants relators a right without a remedy. She contends that this would be an illogical outcome that undermines the FCA's purpose. Guardiola, however, has not cited to any authority that has held that the FCA waives sovereign immunity.

Conversely, the United States has cited multiple cases where courts have found that the statute lacks the requisite express waiver. *E.g.*, *Shaw v. United States*, 213 F.3d 545, 548 (10th

5

Cir. 2000) ("There is no express waiver of sovereign immunity in the FCA."). In *King v. United States Government*, the district court rejected an argument identical to the one Guardiola asserts: that, without a judicial remedy, a relator's right to a share of the recovery is unenforceable. 2015 WL 1281782 * 1 (M.D. Fla. 2015), *appeal docketed*, No. 15-12031 (11th Cir. May 5, 2015). The court held that this reasoning equated to a waiver-by-implication argument and reiterated the principle that sovereign immunity may only be expressly waived. *Id*.

Guardiola attempts to distinguish *King* by arguing that, before both the district court and the Eleventh Circuit, the United States argued that the plaintiff was not entitled to his relator's share because the district court had previously dismissed his *qui tam* action. *See* ECF No. 193 at 11. It appears that Guardiola raises this point in order to show that the United States has previously acknowledged that a relator in a proper *qui tam* action is entitled to a relator's share. *See id.* at 13.

This argument, however, is inapposite. The United States does not dispute that the FCA grants relators a right to a share of an alternate remedy; it only challenges this court's jurisdiction over suits brought to enforce that right. Moreover, it is apparent from Guardiola's own excerpt of the United States' appellate brief that its primary argument was that the FCA does not waive sovereign immunity. Even if this were not the case, Guardiola's reasoning does not undermine or even address the *King* court's holding on this very point.

She further responds to the United States' arguments by citing to U.S. Supreme Court cases that address the sovereign-immunity canon of construction. ECF No. 193 at 6. This canon "provides that sovereign immunity waivers must be strictly construed in the Government's favor . . . ." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1444 (2012). "Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Id*. at 1448. (internal citations omitted). "Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government." *Id*. Guardiola asserts that the FCA contains no ambiguity, arguing that such an interpretation is implausible due to the same right-without-a-remedy reasoning. ECF No. 193.

Guardiola's reliance on this line of cases is misplaced, as each one involved a statute that expressly waived sovereign immunity and addressed the canon in order to determine the waiver's extent. *See, e.g.*, *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571 (2008) (finding that the Equal Access to Justice Act, which waives sovereign immunity for purposes of awarding attorney's fees and costs against the United States, was not ambiguous in regards to what measure of costs the United States owed for paralegal services); *Cooper*, 132 S. Ct. at 1448 (finding that the term "actual damages" in the Privacy Act, which expressly allows suit against the United States, does not include damages for mental or emotional distress).

The court finds that the FCA does not expressly waive the United States' sovereign immunity because no provision of the statute explicitly allows a relator to bring suit against the United States to recover its share of a *qui tam* action's direct recovery or of an alternate remedy. Without such a waiver, Guardiola's sovereign-immunity-canon argument is merely a repackaged implied-waiver argument.

Finally, the court addresses the collateral arguments raised by Guardiola and the United States regarding the U.S. Court of Federal Claims ("CFC"). The United States argues that Guardiola's assertion that she lacks a remedy under the FCA is meritless because she may be able to bring her claim in the CFC under the Tucker Act. ECF No. 194 at 7; *see* 28 U.S.C. § 1491(a) (granting the CFC "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . ."). Guardiola cites several cases to argue that the CFC would lack jurisdiction in this action.

These arguments, however, are irrelevant. Whether the CFC has jurisdiction over a relator's claim against the United States under the Tucker Act does not address whether district courts independently have jurisdiction over such claims under the FCA. *See McGuire v. United States*, 550 F.3d 903, 911 (9th Cir. 2008) ("[J]urisdiction under the Tucker Act is not exclusive where other statutes independently confer jurisdiction [upon district courts] and waive sovereign immunity.").

Because the FCA does not waive the United States' sovereign immunity, the court would lack jurisdiction over claims brought against the government under the statute. Guardiola's

request to amend her complaint in order to add the United States as a party is therefore futile and will be denied.

IV. **Conclusion**

IT IS THEREFORE ORDERED that Cecilia Guardiola's motion for leave to file an amended complaint (ECF No. 191) is DENIED.

IT IS FURTHER ORDERED that the United States' motion to file a brief as *amicus curiae* (ECF No. 192) is DENIED.

IT IS FURTHER ORDERED that the United States' motion for leave to file a supplemental brief in opposition to Guardiola's motion (ECF No. 196) is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of November, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE