UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA ex rel. CECILIA GUARDIOLA,

Plaintiff,

v.

RENOWN HEALTH, RENOWN REGIONAL MEDICAL CENTER, and RENOWN SOUTH MEADOWS MEDICAL CENTER,

Defendants.

Case No. 3:12-cv-00295-LRH-VPC

ORDER

Before the court is Plaintiff Cecilia Guardiola's ("Guardiola") unopposed motion for relief from judgment. ECF No. 204. For the reasons discussed below, the court shall issue an indicative ruling under Federal Rule of Civil Procedure 62.1.

**I.  Procedural Background**

On June 30, 2016, Guardiola filed a motion under the False Claims Act ("FCA") for a share of proceeds recovered by the United States through an "alternate remedy." ECF No. 179. The Government opposed the motion and on September 14, 2016, the court ruled that it lacked jurisdiction to determine Guardiola's proceeds because the Government was not a party to the original action. ECF No. 190. Guardiola moved to amend her complaint and the Government asserted that sovereign immunity barred her claim, thus making amendment futile. The court found for the Government. ECF No. 197.

///

Guardiola appealed the ruling to the Ninth Circuit, where the case is currently awaiting review. *See United States of America ex rel. Cecilia Guardiola v. Renown Health and United States of America (Intervenor)*, No. 16-17205 (9th Cir. 2017). In its briefing before the Ninth Circuit, the Government reversed its position and now asserts that the FCA acts as a waiver of sovereign immunity. *See* Brief for Intervenor United States of America ("USA Br.") (9th Cir. Dkt. 22-2 at 22). The Government now asserts that the Ninth Circuit should reverse the district court's order (ECF No. 197). The only issue before the Ninth Circuit is whether the Government is entitled to sovereign immunity, which is now moot because the Government acknowledges that the FCA provides limited waiver of sovereign immunity.

Guardiola now seeks to have the Ninth Circuit remand this case so that this court can vacate its prior orders denying her relief (ECF Nos. 190, 197). To expedite this process, Guardiola asks this court to issue an indicative ruling under FRCP 62.1 stating that the court will apply Rule 60(b)(1) to vacate the prior orders. The Government does not oppose this motion.

**II.     Legal Standard**

FRCP 62.1 allows parties to seek an "indicative ruling" from a district court when that court lacks jurisdiction over a case because of a pending appeal. The district court can use the indicative ruling to state whether it would grant the motion if the court of appeals remands the case.

Rule 60(b)(1) vests the court with the power to relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. A mistake "consists of instances where the court changes its mind . . . because it made a legal or factual mistake in making its original determination . . . ." *Blanton v. Anzalone*, 813 F.2d 1574, 1576 n.2 (9th Cir. 1987). This mistake can be on the part of counsel or the court itself. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

**III.    Discussion**

The Government concedes that it was mistaken to argue for sovereign immunity before the district court. Therefore, the only issue now pending before the Ninth Circuit is moot.

Because the Government reversed its position, Guardiola's suit is not barred by sovereign immunity and should not be dismissed. *See* ECF Nos. 190, 197.

Pursuant to FRCP 62.1, the court finds that, if the Ninth Circuit remands the case to this court, it shall grant Guardiola's unopposed motion for relief from judgment under Rule 60(b)(1). Had the Government adopted its current position when the parties were originally before the court, the court would not have held that Guardiola's motion to amend was futile. The court now seeks to exercise its discretion in a manner different from how it was originally exercised.

IT IS THEREFORE ORDERED that Cecilia Guardiola's request for a Federal Rule of Civil Procedure 62.1 indicative ruling (ECF No. 204) is GRANTED. If the Ninth Circuit Court of Appeals remands the case to this court, the court shall vacate its prior orders (ECF Nos. 190, 197) and move forward with Guardiola's motion for a share of the alternate remedy (ECF No. 179).

IT IS SO ORDERED.

DATED this 4th day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE