

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA ex rel. CECILIA GUARDIOLA

Plaintiff,

v.

RENOWN HEALTH, RENOWN REGIONAL MEDICAL CENTER, and RENOWN SOUTH MEADOWS MEDICAL CENTER,

Defendants.

Case No. 3:12-cv-00295-LRH-VPC

ORDER

The Ninth Circuit remanded this matter to the court for the limited purpose of deciding Cecilia Guardiola's Federal Rule of Civil Procedure 60(b) motion. The court now grants Guardiola's motion—as indicated in its August 4, 2017 order (ECF No. 206)—and vacates its prior orders: ECF No. 190 and ECF No. 197.

I. BACKGROUND

On June 30, 2016, Guardiola filed a motion under the False Claims Act ("FCA") for a share of proceeds recovered by the United States through an "alternate remedy." ECF No. 179. On September 14, 2016, the court ruled it lacked jurisdiction to determine Guardiola's proceeds because the government was not a party to the original action. ECF No. 190. Guardiola moved to amend her complaint. ECF No. 191. But the government asserted that sovereign immunity barred her claim, rendering amendment futile. *See* ECF No. 192. The court agreed with the government. ECF No. 197.

Guardiola appealed the ruling to the Ninth Circuit. ECF No. 198. In its briefing before the Ninth Circuit, the government reversed its position and asserted that the FCA acts as a waiver of sovereign immunity. *See* Brief for Intervenor United States of America ("USA Br.") at 9th Cir. Dkt. 22-2 at 22, *United States of America ex rel. Cecilia Guardiola v. Renown Health and United States of America (Intervenor)*, No. 16-17205 (9th Cir. 2017). The government also asserted that the Ninth Circuit should reverse the district court's order (ECF No. 197). *Id.* Accordingly, the only issue before the Ninth Circuit—whether the government was entitled to sovereign immunity—became moot.

Guardiola then moved this court to issue an indicative ruling under Rule 62.1. ECF No. 204. The court granted Guardiola's motion and stated: "If the Ninth Circuit Court of Appeals remands the case to this court, the court shall vacate its prior orders (ECF Nos. 190, 197) and move forward with Guardiola's motion for a share of the alternate remedy (ECF No. 179)." ECF No. 206. Shortly thereafter, the Ninth Circuit remanded the matter to the court for the limited purpose of enabling the court to consider Guardiola's 60(b) motion. ECF No. 207.

## II. LEGAL STANDARD

Rule 60(b)(1) vests the court with the power to relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). A mistake "consists of instances where the court changes its mind ... because it made a legal or factual mistake in making its original determination ...." *Blanton v. Anzalone*, 813 F.2d 1574, 1576 n.2 (9th Cir. 1987). This mistake can be on the part of counsel or the court itself. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

## III. DISCUSSION

The government concedes it was mistaken to argue for sovereign immunity before the district court. Because the government reversed its position on the issue of sovereign immunity, Guardiola's suit is not barred by the doctrine and should not be dismissed. Had the government adopted its current position when the parties were originally before the court, the court would not have held that Guardiola's motion to amend was futile. Therefore, under Rule 60(b)(1), the court now vacates its prior orders: ECF No. 190 and ECF No. 197.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Cecilia Guardiola's motion for relief from judgment (ECF No. 204) is **GRANTED**.

IT IS FURTHER ORDERED that the court's prior orders (ECF No. 190 and ECF No. 197) are hereby **VACATED**.

IT IS SO ORDERED.

DATED this 23rd day of October, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE