# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CECILIA GUARDIOLA<br><br>*Plaintiff*,<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Case No. 3:12-cv-00295-LRH-VPC<br><br>**STIPULATED MOTIONS FOR RELIEF FROM ORDER AND TO STRIKE AND ORDER** |

Relator Cecilia Guardiola ("Relator") and the United States of America (the "United States"), by and through their respective counsel, file this Stipulated Motions for Relief from Order and to Strike pursuant to Federal Rule of Civil Procedure 60, and the following Memorandum of Points and Authorities.

///

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Relator and the United States seek to proceed in this case pursuant to the Second Amended Complaint (ECF No. 107) and to conduct discovery for the purpose of resolving Relator's Motion for a Share of the Alternate Remedy (ECF No. 179) ("Relator's Share Motion"). However, a mistake has occurred, which resulted in the clerk's filing of the Third Amended Complaint, which has not been signed by Relator's counsel. Relator seeks relief from the Order granting the Motion for Leave to File the Third Amended Complaint (ECF No. 214) ("Motion for Leave"), which ordered the Clerk to file the Third Amended Complaint. The Third Amended Complaint (ECF No. 215) was not signed, Relator and the United States did not intend for it to be filed at this point, and it should be stricken as a fugitive document.

## II. Brief Procedural Background.

Relator and the United States wish to clear up the procedural confusion in this case.

After an agreement in principle for settlement of this underlying *qui tam* case, Relator filed a Motion for Relator's Share of Alternate Remedy, which this Court denied because the United States was not a party. (ECF No. 190). Based upon that ruling, Relator filed a Motion for Leave (ECF No. 191), seeking to add the United States as a named defendant, so that she could pursue a relator's share from the United States. In reliance upon the position of the United States, this Court denied the Motion for Leave on the basis of sovereign immunity. (ECF No. 197).

Relator then appealed both orders to the Ninth Circuit Court of Appeals. While the appeal was pending, the United States notified the Court and Relator that is was reversing its position, agreeing that the doctrine of sovereign immunity did not bar Relator's Motion for Alternate Remedy. Before the Court of Appeals, the government argued that "[the district court correctly denied the motion for leave to amend . . . . [because] the text of the FCA does not require that a relator be able to bring suit against the government in order to seek a share of a purported alternate remedy." *Brief for Intervenor United States of America*, No. 16-17205 (9th Cir.), Dkt 22-2 at 26. The government maintained that "the nature of the underlying action here makes the government's status as a defendant improper," *id.*, explaining:

> *Qui tam* actions under the FCA are brought "for the United States Government" and "in the name of the Government." 31 U.S.C. § 3730(b)(1). They involve litigation of "the Government's damages claim." *Stevens*, 529 U.S. at 773. Congress expressly gave the United States discretion to intervene in FCA actions—a decision that requires consideration of the costs and benefits of party status." *Eisenstein*, 556 U.S. at 933. Permitting a relator to amend a *qui tam* complaint in the manner Guardiola has proposed would eliminate the government's ability to decline party status and instead make it a putative defendant in the very action brought on its behalf. It has now been decided that the United States does NOT have to be made a party, and should not be party.

*Id.* at 26-27. In response, the Ninth Circuit remanded the matter for the limited purpose of allowing this Court to consider Relator's Federal Rule of Civil Procedure 60 (b) motion. (ECF No. 207) Pursuant to the remand, this Court vacated both prior orders, denying Relator's Share Motion and Relator's Motion for Leave (ECF No. 208).

Because this Court's order denying the Relator's Share Motion is vacated and the United States has consented to the jurisdiction of this Court for the purpose of adjudicating Relator's claims for a share of the alternate remedy, Relator and the United States agree there is no longer any need to amend the complaint. In the Joint Motion for Entry of Scheduling Order (ECF No. 213) ("Motion for Scheduling Order"), Relator, with the United States' concurrence, sought to withdraw the Motion for Leave (ECF No. 191). Relator recognizes it would have been more procedurally clean to withdraw her motion in a separate filing, as opposed to submitting it as part of the Joint Motion for Entry of Scheduling Order.

**III.    Legal Argument.**

Rule 60(b) allows the court to relieve a party from an order based upon, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1) permits the Court to vacate its order when it decides to exercise its discretion in a manner different from the way it was exercised in the original determination.

In this case, Relator and the United States sought to proceed under the Second Amended Complaint, and Relator attempted to withdraw the Motion for Leave, but Relator mistakenly did not provide such notice to the Court in a separate filing. This caused the Court not to recognize that the Motion for Leave had been withdrawn before entering the order and directing the clerk to file the Third Amended Complaint. (ECF No. 214) However, the Third Amended Complaint is unsigned. *See* Rule 11 (requiring all pleadings to be signed). Additionally, now that there is

- 3 -

agreement that Relator can pursue her claim against the United States for a relator's share without making the United States a named defendant, the Third Amended Complaint is not necessary. Additionally, the Court may also wish to revert the style of the case to the original style.

**IV.     Conclusion**

Based upon the foregoing, Relator and the United States respectfully request that the Court vacate its order granting the Motion for Leave, deem the Motion for Leave withdrawn, and strike the Third Amended Complaint from the record. Relator and the United States have agreed to proceed on the Relator's Share Motion and will submit a proposed scheduling order.

Respectfully submitted this 27th day of November, 2017.

| | |
|---|---|
| By:  /s/ *Carrie L. Parker* | By:  /s/ *Roger Wenthe* |
| William E. Peterson | **STEVEN W. MYHRE** |
| Nathan G. Kanute | Acting United States Attorney |
| Carrie L. Parker | ROGER WENTHE |
| SNELL & WILMER L.L.P. | Assistant United States Attorney |
| 50 West Liberty, Suite 510 | 501 Las Vegas Blvd. So., #1100 |
| Reno, NV  89501 | Las Vegas, Nevada 89101 |
| | |
| Mitchell R. Kreindler | *Counsel for United States of* |
| Sharon M. Gurak | *America* |
| KREINDLER & ASSOCIATES | |
| 7676 Hillmont Street, Suite 240A | |
| Houston, TX  77040 | |
| | |
| *Counsel for Plaintiff/Relator* | |
| *Cecilia Guardiola* | |

**SEE NEXT PAGE FOR ORDER**

**ORDER**

1. The Order granting the Motion for Leave to File the Third Amended Complaint [ECF No. 214] entered on November 14, 2017 is hereby VACATED.

2. The Clerk is directed to strike the unsigned Third Amended Complaint from the record.

3. Relator and the United States are directed to file with the Court a stipulated discovery schedule for proceeding in this matter on Relator's Motion for a Share of the Alternate Remedy [ECF No. 179] within 14 days of the entry of this Order.

IT IS SO ORDERED

DATED this 28th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE