UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CECILIA GUARDIOLA, <br><br> Plaintiff/ Relator, <br><br> v. <br><br> RENOWN HEALTH, RENOWN REGIONAL MEDICAL CENTER, and RENOWN SOUTH MEADOWS MEDICAL CENTER, <br><br> Defendants. | Case No. 3:12-cv-00295-LRH-CLB <br><br> ORDER |

Currently pending before the court is Cecilia Guardiola's motion to award her a share of the proceeds recovered by the United States from Renown Health, Renown Regional Medical Center, and Renown South Meadows Medical Center (collectively "Renown"). ECF No. 231. The court's docket provides that the United States of America ("the Government") filed its response to this motion by *amicus*, however, nothing within the Government's response articulates this status. *See* ECF No. 232. Additionally, when this case was before the Ninth Circuit on appeal, the Government motioned the Court to intervene, but the Court did not rule on this motion before Guardiola voluntarily dismissed the appeal and the case returned to this court. *See United States of America ex rel. Cecilia Guardiola v. Renown Health and United States of America (Intervenor)*, No. 16-17205 (9th Cir. 2017). Because the Government's response was docketed as *amicus*, but appeared to be filed as an intervenor, the court summoned the Government to clarify its position in this case. ECF No. 236. The Government then filed a response adopting and incorporating its

1

intervention motion before the Ninth Circuit as its unopposed motion to intervene in this matter before the court. ECF No. 237. Good cause appearing, the court grants the Government's motion to intervene.

Pursuant to 31 U.S.C. § 3730(c)(3), "[w]hen a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause." Therefore, to determine if the Government may intervene, the court looks to Federal Rule of Civil Procedure 24(a), and applies a four-part test:

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Rule 24(a) is liberally construed in favor of potential intervenors. *Id.* at 818.

First, at initial glance it does not appear that the Government's motion to intervene, following full briefing on Guardiola's motion, at this late stage of the litigation is timely. But, the court looks at three criteria to determine if the motion was timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). While the court recognizes that this is the end of this litigation, the court weighs heavily that the motion is unopposed and that the motion is not for any reason to, or will, delay the suit. Additionally, Guardiola was aware of and did not oppose the Government's intervention in this action when it was before the Ninth Circuit more than 3 years ago.

Second, the Government has a significant and protectable interest because if the court grants Guardiola's motion, she will be awarded funds from the United States Treasury. *See Green v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) ("[W]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established."). Further, if the Government does not intervene, the

Government's ability to protect that interest will be impeded—the Government would be forced to comply with an order substantially affecting the Treasury. *See Berg*, 268 F.3d at 822 (quoting FED. R. CIV. P. 24 advisory committee's notes 1966 Amendment) ("We follow the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'").

Finally, it is clear to the court that the Government and Guardiola have directly conflicting interests in this case—Guardiola, to the objection of the Government, argues she is entitled to over a million dollars of recovered RAC and MAC proceeds. While the two may have had aligned interests at the outset of this litigation, it is clear that Guardiola no longer adequately represents the rights of the Government given that the two represent such fundamentally different positions. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

Good cause appearing, IT IS THEREFORE ORDERED that the Government's unopposed motion to intervene (ECF No. 237) is **GRANTED.**

IT IS SO ORDERED.

DATED this 14th day of February, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE